**BROWN INSULATING SYSTEMS, INC.,**
Petitioner-Appellant,

v.

**SECRETARY OF LABOR and Occupational Safety and Health Review Commission, Respondents-Appellees.**

No. 78–3386.

United States Court of Appeals,
Sixth Circuit.

June 16, 1980.

Harley J. McNeal, McNeal, Schick & Archibald, Cleveland, Ohio, for petitioner–appellant.

Allen H. Feldman, Lorelei Joy Borland, Shelley D. Hayes, John A. Bryson, U.S. Dept. of Labor, Washington, D.C., for respondents–appellees.

Before WEICK, KEITH and BROWN, Circuit Judges.

## ORDER

Appellant, Brown Insulating Systems, Inc., seeks a review of a decision by the Occupational Safety & Health Review Commission (OSHRC) finding serious and willful violations by appellant of the standards regulating exposure of its employees to asbestos fibers in the ambient air in appellant's plant.

Appellant contends that the decision by the ALJ to such effect is erroneous because (1) the statute and regulations involved here are unconstitutional since the national government has no power under the Constitution to regulate such matters; (2) that if the regulation is construed to set standards for the ambient air in appellant's plant rather than the air actually breathed by the employees while using respirators with filters, it is unconstitutional as being arbitrary and capricious; (3) that the regulation, properly construed, does not set standards for the ambient air in the plant but rather regulates only the quality of the air actually breathed by the employees; (4) that there was not substantial evidence that the ambient air in the plant actually failed to meet the standard contained in the regulation; and (5) that there was not substantial evidence that it was economically feasible and with available equipment to cure any violation of the standard with respect to the air in the plant.

The court concludes that the statute and regulation, as construed, are constitutional and that the regulation was correctly construed. We further conclude that there was substantial evidence that the ambient air in the plant violated the regulation, especially in the light of the testimony of appellant's president on this subject. We still further conclude that there was substantial evidence that it was economically feasible and with available equipment to bring the ambient air in the plant into compliance with the regulation.

It is therefore Ordered that the petition to review the decision and order of OSHRC be and the same is denied and the decision and order are affirmed and enforced.